**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAMON PEREZ CAMARGO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2948-JD** |
| | ) | |
| **KELLY DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition on October 15, 2026, seeking release from Oklahoma state prison. Doc. 1. United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 4. The undersigned recommends the Court dismiss the petition without prejudice based on Petitioner's failure to follow the Court's rules and orders and to prosecute this action.

## I. Discussion.

On October 19, 2026, the Court ordered Petitioner to pay the filing fee or submit an in forma pauperis (IFP) application. Doc. 5. The undersigned warned Petitioner that if he failed to comply with the Court's order to cure by November 9, 2026, his case would be subject to dismissal. *Id*. As of this date, Petitioner has neither paid the $5.00 filing fee nor submitted an IFP application.

The Clerk of Court mailed a copy of the order and the necessary forms to Petitioner at the address he provided the Court. *Id.* (Staff notes). The Postmaster has not returned the mail as undeliverable. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

The undersigned finds that Petitioner's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir.

2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 9, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE